Good morning, Your Honors. My name is Nancy Miller, and I represent Maria Agasino in this case. The main issue in this case is whether or not Section 321 of IRIRA is impermissibly retroactive, and it's our position that it is. Retroactivity is a very serious thing to impose upon anyone, particularly upon aliens because they are so defenseless. They don't vote. They don't have the right to vote. There is no one to speak for them. And so Congress doesn't get their attention. Congress does get the attention of those who don't like aliens. And so if they think that it's a popular thing to do, if they are, as Landgraf said, if they are bending to political pressure against unpopular groups, they are likely to impose a retroactive effect. Sotomayor, whether it's good policy or bad policy or felicitous for certain people or not, that Congress has the right to make legislation, particularly in the area of deportation, retroactive. I agree that they have the right to do that, but it's not an unlimited right. And that they did so here, explicitly. With regard to 321, yes, they did so. All right. So under Galwin, under Aragon, I mean, what wiggle room do you have to argue that this was impermissible retroactive legislation? Well, Your Honor, I think we need to look at United States v. Carlton. I think we need to look at the requirements that Carlton has set forth. And Carlton has said that, number one, the – when Congress does make a retroactive statute, they have to give a reason why it is retroactive. And that reason needs to be separate and apart from the reason for the law itself. Doesn't have to give a reason. Well, according to Carlton, they do, Your Honor. According to a whole string of cases, they don't. So, including ours. Well, I think that, again, as I said, according to Carlton, they do. And according to the concurring opinion in Ubaldo-Figueroa, they do. And I recognize that that's concurring, and I recognize that it's not holding, but – or at least it wasn't in the amended decision. But I think that it makes sense. And I think that it – that it should be looked at very carefully. And going back to the other requirements, there's a requirement, again, from Carlton that the period of retroactivity be contained, that it be moderate, that it be confined and short. None of that is true with 321. It is broad. It says at any point in time, if you committed any of the crimes that we're changing the law on, you're now an aggravated felon. And not only are we making you an aggravated felon, but having passed 440D in ADFA, now we're saying that you have no relief available at all. It is drastically changing the expectations of people who had entered into pleas at any point in the past, 5, 10, 15, 20, 50, 30 years ago, who thought that they were settled and who aren't anymore, and who have no way of making a plea bargain if they think that at some point the – what they have agreed to is going to change on them. I think that's – that's the main issue, and it's what I have the biggest problem with in the decision with Velasco Medina, because with all due respect to this Court, what this Court said was that he pled after ADFA and before IRIRA. And so even though he wasn't an aggravated felon under the law as it existed at that time, he knew under ADFA that if he became an aggravated felon, he would have no relief available. How was he to know that? How was he to know without looking into a crystal ball that at some point the law was going to change, and he was suddenly going to be considered an aggravated felon, and the deal that he had worked on was going to be worthless? We're bound by Velasco Medina, whether it's right, wrong, or indifferent. Well, I think that Your Honors can look ahead and see whether it was rightly or wrongly decided. But we're bound by it as a panel, aren't we? I think that if this Court decides that it was, in fact, wrongly decided, it can overturn Velasco Medina, and I think it should. Well, I'm afraid that's a luxury that a panel of the Court doesn't have. An in-bank court can do that, but this panel is stuck with following prior precedent. Well, the Court can look then, since I don't think that Velasco Medina specifically dealt with the issue of 321, I don't think that the fact that this Court feels bound by Velasco Medina means that they cannot look to whether or not 321 is retroactive and feel that that in any way affects their decision in that instance. And I do think that to change the law in midstream, actually, it's worse than midstream. It's long after something is done. In all of these cases, these people have entered their plea. They enter their plea based on what the lot was at the time they entered the plea. And then it was changed on them. And that's unfair. It's inappropriate. It's impermissibly retroactive. It certainly changes the duties it has. You know what you're doing? You're speaking conversationally, and you cannot speak conversationally when you're in court. You're speaking down to your piece of paper. Anyway, let me ask you this question. Do you argue that there's an equal protection argument in your case? And I pose this to you. People who have two convictions are lawful permanent residents. The statute does not require them to be deported. That's true. But if you have one, like she had, the statute requires that you be deported. Now, does that violate the equal protection clause? I think it does. I think it does violate the equal protection clause. You think it does or you know it does? It does. All right. Why does it do it? Because you have people who are similarly situated and who are treated differently. And in fact, the person who has one conviction has at – is in a less negative position than one who has two and yet is treated more harshly. It's sort of irrational, isn't it? It is irrational. People with two convictions stay here, and people with one conviction is removed. Yes. Now, why in the world did that happen? This is all very interesting. You don't have an equal protection challenge in this case, do you? No, we don't. Okay. Excuse me, Your Honor. I didn't hear that. That's all right. That's all right. That's all right. That's all right. Why in the world do you think it – that it should happen? Why should it happen? Uh-huh. Yeah. In fact, they're similarly situated. Yeah. Why do you think Congress did that? They made a mistake, do you think, or what happened? I think that they were actually acting – I think that they were bending to political pressure, Your Honor. I think that it was a popular thing to do, and I think that's why they did it. I don't think that it is constitutionally based. I don't think that it's rational, but I think that's why they did it. And that's why I think it's wrong. Okay. And I'll reserve the rest of my time for those. Okay. Thank you, Ms. Burton. If it may please the Court, I'm Jocelyn Burton, Assistant United States Attorney, and I represent the Respondent in this action. What the Petitioners are asking this Court to do is to overturn established precedents in Velasco, Medina, and to hold that the district court improperly denied Petitioners' habeas. It's clear that this case is on all fours with United States v. Velasco, Medina. And as a matter of fact, in this particular case, Petitioner has a weaker claim that the statute is impermissibly retroactive than Velasco, Medina did. As in Velasco, Medina, the Petitioner committed a crime prior to the effective date of the ADEPA. He was convicted, he pled guilty of a crime prior to, after the passage of ADEPA, but prior to the effective date of ARERA. In that instance, this Court held that the Petitioner did not hold a vested right to a 212C relay. Petitioners claim in this particular instance is even weaker than the Petitioner in Velasco, Medina, because ARERA had been passed. We were only three weeks from the effective date of ARERA at the time the Petitioner pled guilty to a crime. So she knew that that law would be effective in the imminent future, and that she would probably be deportable and ineligible for 212C relay. So the precedents here are clear. This Court held in Aragon Ion that 321 was not impermissibly retroactive. There is, the Court, the case law is completely clear here, and this Court is bound by it. Secondly, although the Petitioner raises the issue of expectations, this case has been going on for over six, well, six years. At no point in this litigation has Petitioner ever explained to anyone what her expectations were that would entitle her to 212C relay. At best, they've been speculative at best. So if the Court has no questions. I don't have a question, but I do have a comment on the discretion of the agency, because it was, you don't have to enforce every law to the latter. You're breaking up a family with an American husband and two American children. You represent an administration that is committed to family values. You're sending the mother and wife to the Philippines. It's totally incongruous, and that's your agency decision. You can do it, but it is a very difficult decision to live with. Well, I understand that, Your Honor, but with all due respect, at the time that she, the final order of removal was entered, she did not have an American husband and she did not have two American children. She did have one child. One child.  Thank you, Your Honor. Ms. Sangacino's expectations were what the law was at the time that she entered the plea, that she wasn't deportable because the offense that she was entering the plea to was entered more than five years after she had become a green card holder, and since she wasn't deportable, she, and she certainly wasn't an aggravated felon, she was going to be able to stay in the United States. That's what the law was at the time that she entered her plea. That's what she expected. I don't think that's reasonable. That's what someone is entitled to do under the law as it exists, and that's why retroactivity is so dangerous and why it must be looked at so carefully. And in this instance, her rights changed, her obligations changed, her duties changed. Her ability to stay in this country was negated completely. Thank you, Your Honors. Thank you, Your Honor. Mr. Ervin will be submitted to the next ruling on force.
judges: Ferguson, Noonan, Rymer